749 So.2d 306 (1999)
Kenneth JOHNSON a/k/a `Kenny', Appellant,
v.
STATE of Mississippi, Appellee.
No. 1998-KA-01146-COA.
Court of Appeals of Mississippi.
September 28, 1999.
*307 Pamela A. Ferrington, Natchez, Attorney for Appellant.
Office of the Attorney General by Charles W. Maris, Jr., Attorney for Appellee.
BEFORE McMILLIN, C.J., BRIDGES, PAYNE, AND THOMAS, JJ.
THOMAS, J., for the Court:
¶ 1. Kenneth Johnson was convicted of burglary and larceny of a dwelling house in the Circuit Court of Adams County. Kenneth appeals on the following issues of error:
I. WHETHER THE THREE WEEK DELAY BETWEEN JOHNSON'S INDICTMENT AND INITIAL APPEARANCE WAS REVERSIBLE ERROR.
II. WHETHER JOHNSON WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL BY THE FAILURE OF THE COURT TO TIMELY APPOINT COUNSEL TO REPRESENT HIM.
III. WHETHER THE TRIAL COURT ERRED IN FAILING TO GRANT JOHNSON'S MOTION FOR A NEW TRIAL BECAUSE THE EVIDENCE PRESENTED AT TRIAL WAS INSUFFICIENT TO SUPPORT THE VERDICT RENDERED.
Finding no reversible error, we affirm.

FACTS
¶ 2. On May 8, 1997, Kenneth Johnson, his brother Chris Johnson, his son George Johnson, and a friend of his son, Richard Ainsworth, burglarized Fred Morris's trailer. The group took a jug filled with coins totaling approximately forty to fifty dollars, a bowl full of quarters and some prescription pain pills. Mrs. Morris came home to find the back door wide open and the change missing. She reported the burglary to the Adams County Sheriffs Office. Deputy Cotten investigated the burglary and found the bowl in the woods behind the trailer. Deputy Cotten alerted the cashiers at a local grocery store to be on the lookout for anyone paying with an unusual amount of change. The following day, the cashiers notified Deputy Cotten that Chris Johnson, Kenneth Johnson, and George Johnson came into the store together to buy beer and cigarettes and Chris Johnson paid with change. Richard Ainsworth pled guilty and testified against Kenneth, stating that all three men went into the trailer while he acted as a lookout. Kenneth, however, testified that he did not participate in the burglary and he only accompanied the group as they walked to the Morris's trailer to try and talk his son out of burglarizing the place. Kenneth further testified that as he realized they were going to commit the crime anyway, he left and went to a friend's house. Kenneth also claimed he did not go to the *308 store to buy beer and cigarettes with his brother and son the following day.

ANALYSIS

I.

WHETHER THE THREE WEEK DELAY BETWEEN JOHNSON'S INDICTMENT AND INITIAL APPEARANCE WAS REVERSIBLE ERROR.
¶ 3. Johnson argues that the three week delay from the time of indictment and his initial appearance was in violation of his constitutional and statutory rights, and therefore, requires reversal of his conviction. The Mississippi Uniform Circuit and County Court Rule entitled "Initial Appearance" states: "Every person in custody shall be taken, without unnecessary delay and within 48 hours of arrest, before a judicial officer or other person authorized by statute for an initial appearance." URCCC 6.03.
¶ 4. An indictment for burglary and larceny of a dwelling house was entered against Johnson on July 30, 1997. A warrant was issued for Johnson's arrest on August 1, 1997. On August 22, 1997 an order styled "Continuance Of Formal Arraignment" was entered and filed on October 13, 1997. This three week delay was obviously beyond the forty-eight hour requirement. Since this Court's review is limited by the record, and the record does not state any reasons for the delay, a violation of Johnson's right to an initial appearance without delay occurred. However, Johnson's contention that this delay requires reversal of the conviction is not warranted. The merits of his case suffered no prejudice.
¶ 5. The United States Supreme Court has held that "there may be some constitutional errors which in the setting of a particular case are so unimportant and insignificant that they may, consistent with the Federal Constitution, be deemed harmless, not requiring the automatic reversal of the conviction." Chapman v. California, 386 U.S. 18, 22, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). In the case at bar, while the delay in the initial appearance violated Johnson's right to timely hear the charges against him, he has failed to cite any resulting prejudice to his case, and we can discern no harm. The return of the indictment was itself a finding of probable cause by the grand jury. Johnson has not attempted to support his argument that his conviction should be reversed by showing harm, prejudice, or that he was denied a fair trial because of the delay. In Esparaza v. State, the Mississippi Supreme Court held that on its own an "illegal detention does not void a subsequent conviction." Esparaza v. State, 595 So.2d 418, 423 (Miss.1992) (citing Gerstein v. Pugh, 420 U.S. 103, 119, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975)). The delay in the initial appearance does not warrant reversal.

II.

WHETHER JOHNSON WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL BY THE FAILURE OF THE COURT TO TIMELY APPOINT COUNSEL TO REPRESENT HIM.
¶ 6. Johnson claims that he was denied effective assistance of counsel because the court did not appoint counsel until ten days before the trial. Johnson has not demonstrated any prejudice due to this fact. Under the law, denial of the right to counsel will result in reversal of a subsequent conviction only where it is shown that some adverse effect on the ability to conduct a defense occurred because of the delay. Johnson v. State, 631 So.2d 185, 187 (Miss.1994). The court in Wright v. State held that if there was no confession or indication that the State took advantage of the delay then it was not a reversible error. Wright v. State, 512 So.2d 679, 681 (Miss.1987). Thus, denial of the entitlement to timely appointed counsel "will result in reversal of a subsequent conviction, however, only where it is shown *309 that the accused experienced some untoward consequence flowing directly from denial of counsel." Id.; Johnson, 631 So.2d at 188.
¶ 7. Since Johnson failed to show any prejudice in the record to support his claim for ineffective assistance of counsel, there is no adequate record for us to review. This issue is also without merit.

III.

WHETHER THE TRIAL COURT ERRED IN FAILING TO GRANT JOHNSON'S MOTION FOR A NEW TRIAL BECAUSE THE EVIDENCE PRESENTED AT TRIAL WAS INSUFFICIENT TO SUPPORT THE VERDICT RENDERED.
¶ 8. Johnson styled the argument before the Court as a weight of the evidence issue but he has couched the brief as an insufficiency of the evidence argument. Therefore, we will address both.
¶ 9. The Supreme Court has held that a new trial may be granted only when "the verdict is so contrary to the overwhelming weight of the evidence that, to allow it to stand, would be to sanction an unconscionable injustice." Roberts v. State, 582 So.2d 423, 424 (Miss.1991). The standard in determining whether a verdict is against the overwhelming weight of the evidence requires this Court to view all evidence in the light most consistent with the jury verdict. McClain v. State, 625 So.2d 774, 778 (Miss.1993).
¶ 10. When the legal sufficiency of the evidence is challenged we must accept as true all evidence favorable to the State and must assume that the fact-finder believed the State's witnesses and disbelieved any contrary evidence. Id.; Griffin v. State, 607 So.2d 1197, 1201 (Miss.1992). Furthermore, we will reverse only where "reasonable and fairminded jurors could only find the accused not guilty." McClain, 625 So.2d at 778; Harveston v. State, 493 So.2d 365, 370 (Miss.1986).
¶ 11. In the case sub judice there was sufficient evidence to support the verdict. Richard Ainsworth testified that Kenneth actively participated in the burglary. Furthermore, we do not agree with the defense's argument that Ainsworth's testimony was contradictory and unreasonable and thus insufficient to sustain a conviction. Kenneth also admits being at the scene and aware of what was to occur. Moreover, contrary to what Johnson would have us believe, Ainsworth's testimony was corroborated by the clerks in the store who testified that all three men came into the store together to purchase beer and cigarettes with an unusual amount of change. Accordingly, the jury's verdict was not against the overwhelming weight of the evidence and there was sufficient evidence to support the verdict. This assignment of error is also without merit.
¶ 12. THE JUDGMENT OF THE ADAMS COUNTY CIRCUIT COURT OF CONVICTION OF BURGLARY AND LARCENY OF A DWELLING HOUSE AND SENTENCE OF TWENTY-FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO ADAMS COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, DIAZ, IRVING, LEE, MOORE, AND PAYNE, JJ., CONCUR.