813 So.2d 787 (2002)
Freddie H. RUSCHE, II, a/k/a Henry F. Rusche Jr., Appellant,
v.
STATE of Mississippi, Appellee.
No. 2000-CA-01235-COA.
Court of Appeals of Mississippi.
April 9, 2002.
*788 John S. Holmes, Yazoo City, attorney for appellant.
Office of the Attorney General, by Jean Smith Vaughan, attorney for appellee.
EN BANC.

ON MOTION FOR REHEARING
McMILLIN, C.J., for the court.

PROCEDURAL HISTORY AND FACTS
¶ 1. The motion for rehearing is denied. The original opinion of this Court is withdrawn and the following opinion is substituted therefor.
¶ 2. In February 1994, Freddie Rusche, II, was indicted for burglary of a business. In July 1994, he pled guilty before the Yazoo County Circuit Court and was sentenced to serve seven years with the Mississippi Department of Corrections subject to Miss.Code Ann. § 47-7-47 (Rev.2000), which describes the Regimented Inmate Discipline or "RID" program. Rusche successfully completed the RID program in April 1995, and upon re-sentencing the court suspended the remaining six and a half years of Rusche's sentence, placing him on five years supervised probation.
¶ 3. In February 2000, Rusche's probation officer, Ed Stuart, filed an affidavit with the court stating that in October 1999 Rusche had used marijuana and was in a car wreck the same night. The district attorney thereafter filed a motion to revoke Rusche's probation claiming that Rusche had been found guilty of trespassing and malicious mischief, had been cited for multiple traffic violations, and was in a motor vehicle wreck in which the other occupant was killed. Additionally, evidence was presented that Rusche had used alcohol and drugs during his probationary period, though such actions were prohibited under the terms of his probation.
¶ 4. Rusche filed a motion in limine seeking a limitation on the evidence that the State could offer at the probation revocation hearing. The court granted this motion, only allowing evidence to be admitted which pertained to Officer Stuart's affidavit. Nonetheless, at the hearing the court allowed testimony which Rusche claims should have been excluded by virtue of the court's granting the motion in limine. The court partially revoked Rusche's probation, ordering him to serve two years of his original sentence. Thereafter, Rusche *789 filed a motion to reconsider, which the trial court denied. Rusche then filed a motion for post-conviction relief seeking to vacate and set aside the revocation of probation, which was also denied. Reviewing Rusche's arguments on appeal, we find no merit to his claims, and we affirm the trial court's denial of his petition for post-conviction relief.

ANALYSIS OF THE ISSUES

STANDARD OF REVIEW
¶ 5. Appellant Freddie Rusche, II, raises the following issues with this appeal:
I. THE TRIAL COURT ERRED IN REVOKING THE PROBATION OF FREDDIE H. RUSCHE, II, THE APPELLANT, WITHOUT PROVIDING TO HIM THE MINIMUM RIGHTS TO FREEDOM GUARANTEED HIM BY THE CONSTITUTION OF THE UNITED STATES OF AMERICA AND THE CONSTITUTION AND LAWS OF THE STATE OF MISSISSIPPI.
II. THE TRIAL COURT ERRED IN REVOKING FREDDIE RUSCHE'S PROBATION AT HIS INITIAL HEARING AND ON INADMISSIBLE EVIDENCE, ALL IN VIOLATION OF THE TRIAL JUDGE'S OWN RULING ENTERED ON RUSCHE'S MOTION IN LIMINE NO MORE THAN AN HOUR AND A HALF TO TWO HOURS BEFORE THE REVOCATION WAS HANDED DOWN.
III. THE TRIAL JUDGE ERRED IN REVOKING RUSCHE'S PROBATION ON THE SOLE GROUND THAT HE HAD CONTINUED TO USE DRUGS WHEN THERE WAS NO LEGALLY ADMISSIBLE EVIDENCE OF THE PROBATIONER CONTINUING TO USE DRUGS AND NO NOTICE GIVEN TO THE PROBATIONER THAT HE WAS CHARGED WITH THE CONTINUED USE OF DRUGS FOLLOWING HIS PROBATION.
IV. RUSCHE'S PROBATION SHOULD NOT HAVE BEEN REVOKED SINCE HE SUBSTANTIALLY COMPLIED WITH THE TERMS OF HIS PROBATION.
¶ 6. "When reviewing a lower court's decision to deny a petition for post[-]conviction relief this Court will not disturb the trial court's factual findings unless they are found to be clearly erroneous. However, where questions of law are raised the applicable standard of review is de novo." Eldridge v. State, 764 So.2d 515 (¶ 8) (Miss.Ct.App.2000) (citing Brown v. State, 731 So.2d 595 (¶ 6) (Miss.1999)).

DISCUSSION OF THE ISSUES

I. THE TRIAL COURT ERRED IN REVOKING THE PROBATION OF FREDDIE H. RUSCHE, II, THE APPELLANT, WITHOUT PROVIDING TO HIM THE MINIMUM RIGHTS TO FREEDOM GUARANTEED HIM BY THE CONSTITUTION OF THE UNITED STATES OF AMERICA AND THE CONSTITUTION AND LAWS OF THE STATE OF MISSISSIPPI.

A.

Failure to Conduct Preliminary Hearing
¶ 7. Rusche complains that, under general principles of due process as more specifically defined by the United States Supreme Court in Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) and Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), he was deprived of his full panoply of rights in the manner in which his probation was revoked. Specifically, he points out that these decisions require both (a) a *790 preliminary proceeding, in the nature of a probable cause hearing, to be held promptly after a probationer is detained for an alleged parole or probation violation, and (b) a more formal final revocation hearing at which the prisoner is afforded a number of constitutional protections as outlined in Morrissey. Morrissey, 408 U.S. at 487-88, 92 S.Ct. 2593.
¶ 8. Rusche, quite correctly, points out that he did not receive a preliminary probable cause hearing. Instead, he was informed of the nature of the allegations in the form of a written motion filed by the State, followed some weeks later by a formal hearing on the proposed revocation.
¶ 9. Rusche now contends, in effect, that he has only received roughly one-half the process due him under the United States Constitution. He argues that the hearing that resulted in the order for his confinement was nothing more than the preliminary hearing to establish probable cause that is required by Morrissey and Gagnon, and that he has yet to receive the second, more formal, revocation hearing required by the Supreme Court in these cases.
¶ 10. We disagree with the premise of Rusche's argument. It is abundantly clear from the record that both Rusche and the State considered the one hearing held before the circuit court to be the formal hearing that could only be held after the prisoner has (a) received written notice of the claimed violation, (b) obtained disclosure of the evidence relied on by the State, (c) had the opportunity to be heard and to present witnesses and evidence, and (d) been afforded the opportunity to confront the witnesses against him. Id. It would be nonsensical to treat the lengthy hearing, at which Rusche was represented by counsel, as nothing more than the "minimal inquiry" preliminary hearing described in Morrissey and, in the name of due process, require the State to essentially repeat the process in a subsequent hearing involving the same parties before the same judge and focusing on the same issues.
¶ 11. Rather, the appropriate resolution of Rusche's claim lies in focusing on the unavoidable fact that he was denied the preliminary informal hearing that Morrissey required to follow "as promptly as convenient after arrest" to begin the process of acquainting the defendant as to the issues he must ultimately face. Once sufficient time has passed that would have permitted the State to "promptly" conduct this hearing, the State's failure to do so becomes an irreparable failure in the process, and the only legitimate inquiry must be into what the consequences of that failure are.
¶ 12. We look for guidance to the comparable situation of where a suspect in a criminal case is arrested and confined. Under procedural rules arising out of due process considerations, that suspect is entitled to a preliminary hearing to determine probable cause to continue his confinement shortly after his arrest. URCCC 6.03; Johnson v. State, 749 So.2d 306, 308 (¶ 3) (Miss.Ct.App.1999). If such a hearing is not conducted and the suspect is subsequently tried, convicted, and sentenced, then the failure to grant a preliminary hearing, though clearly error, is, nevertheless, subjected to harmless error analysis. Esparaza v. State, 595 So.2d 418, 423 (Miss.1992). The rationale behind that ruling lies in the fact that an illegal detention, of itself, does not act to vitiate a subsequent conviction. Gerstein v. Pugh, 420 U.S. 103, 119, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975).
¶ 13. We can determine no appropriate reason to apply a different line of reasoning to the matter now before us. Under harmless error analysis, the failure to provide Rusche with an immediate informal "probable cause" hearing shortly after the *791 State began proceedings to revoke his probation will not be seen to render ineffective the subsequent formal proceeding at which Rusche was afforded all the due process protections required under Morrissey unless there is some showing of prejudice to Rusche arising from the failure to conduct the hearingthat prejudice necessarily extending beyond the issue of the State's right to continue his confinement in the interim.
¶ 14. Finding, as our analysis has already shown, that Rusche was afforded all the necessary due process safeguards required insofar as the ultimate decision of whether grounds existed to revoke his probation existed, we conclude that the failure to conduct an interim informal preliminary hearing shortly after the revocation proceeding was commenced was harmless error under the reasoning of Esparaza v. State.

B.

Evidentiary Errors at the Hearing
¶ 15. Rusche also complains that the State was permitted to admit evidence not related to the allegations contained in the motion to revoke. The State rebuts Rusche's claims that evidence was improperly admitted by noting that Rusche was allowed to put on witnesses or evidence to counter the charges against him, plus he was provided copies of photos of himself and the deceased victim and photos taken at the gas station the night of the auto accident.
¶ 16. Rusche was afforded a final hearing before his probation was revoked. At that hearing, several witnesses testified concerning Rusche's actions that night and the circumstances surrounding the accident:

-Heather Russell was at the service station the evening of the October 1999 car wreck involving Rusche and Brad Saxton; she photographed Rusche and others drinking beer and smoking marijuana.
-Yazoo County Sheriff's Deputy Wade Wood investigated the Rusche/Saxton car accident, talking to witnesses and viewing photographs. Deputy Wood said the vehicle was smashed in on the driver's side roof and that Saxton was the supposed driver when the wreck occurred.
-Mississippi Highway Patrol State Trooper Jason Ginn investigated the car wreck and took a blood sample from Rusche after the wreck.
-Mississippi Crime Lab forensic toxicologist Michael Weaver found that Rusche's blood sample taken after the accident showed .1 BAC and traces of marijuana.
-Yazoo County Coroner Ricky Shivers examined Saxton's body and, after reviewing the extensive damage to the roof of the vehicle on the driver's side, determined that Saxton's injuries were consistent with his being the driver (a question had been raised as to whether Saxton or Rusche was the driver).

-Ed Stuart, Rusche's probation parole officer, filed an affidavit at the district attorney's request seeking revocation of Rusche's probation. Officer Stuart testified that the procedure for revocation was to determine whether reasonable cause existed that the defendant had violated his probation. He discussed his observation that Rusche was "hot on marijuana" at the time of the accident. Rusche's attorney objected because this was outside the scope of the permissible questioning, since the judge had granted his motion in limine before the hearing, and both sides were ordered not to discuss the drug-related acts since Rusche was not given notice such would be addressed. *792 The judge allowed this questioning and testimony, though, saying Rusche had opened the door on direct examination, and now the State had the right to impeach. Officer Stuart said he would not have asked that Rusche's probation be revoked solely because of the drug and alcohol uses. He said their procedure was to revoke for commission of felonies in all cases, for not reporting, not paying fines and things of that nature. Officer Stuart said Rusche had completed a drug and alcohol treatment program during the RID program, but had not participated in such a program while on probation. Stuart admitted, "We tried to get him into one. They didn't have room for him at that time. I guess it fell through the cracks on my part."
¶ 17. Rusche attempts to make a major issue of whether or not he was the driver of the vehicle the night of the accident, and the record shows that various witnesses were questioned extensively on this subject. However, this issue is actually immaterial to the central concern of whether or not he was denied procedural due process.
¶ 18. In granting the motion in limine, the court stated that only the information contained in Stuart's affidavit was grounds for examination. This affidavit states the following as evidence of Rusche's probation violations: "On Oct. 7, 1999, Henry Rusche, Jr., was in a 2-car wreck. It was determined that he was hot on marijuana. D.A. Jimmy Powell has requested this affidavit and warrant for Henry's arrest hold [sic] and brought before the judge for revocation hearing."[1] Looking to the hearing, the State attempted to show that Rusche had been "hot" on marijuana on at least two other occasions, but Rusche objected because this was outside the scope of Stuart's affidavit, which was contrary to the boundaries established in the motion in limine. The judge ruled that since Stuart's answers implied a sole violation of probation would not be cause for revocation, the State was permitted to impeach his testimony on the issue of other violations, including alleged trespassing and malicious mischief convictions. We recognize that the judge in such a situation walks a fine line in deciding whether previously excluded evidence is admissible to impeach, and we would caution that in instances such as this case, attorneys should not take advantage of opportunities to impeach by attempting to introduce evidence as fact. The judge clearly stated that the reason behind her decision to revoke was Rusche's activity the night of the car accident and the determination that he had used drugs and alcohol that evening. Because she ruled that the other information was admitted for purposes of impeachment and not to prove the facts asserted, we find the judge did not abuse her discretion.
¶ 19. The district attorney's motion to revoke probation contained certain allegations in support of the motion, including that Rusche had been convicted of trespassing and malicious mischief, that Rusche had received numerous traffic citations, that Rusche had been photographed drinking beer and smoking marijuana, and that he was driving the vehicle the night Saxton was killed. In her bench opinion, the judge made no mention of the alleged convictions of trespassing and malicious mischief, and the record shows that Rusche had only been a witness in the trial on these matters. The judge stated that the only allegations supported by the evidence for revocation were the three traffic violations and the use of illegal drugs, and the evidence did not show Rusche was *793 driving when the accident occurred, an allegation which was included in the district attorney's motion to revoke probation.
The traffic violations standing alone, this Court probably would not revoke, but this Court does have problems with the use of drugs by Mr. Rusche. When this Court places a person on probation, it does so in an effort to give the person an opportunity to improve his condition so that he will not find himself back before this Court in situations that brought him before this Court initially.
The Court finds that Mr. Rusche, when he was before this Court in '95, allege [sic] that the reason for the commission of the crime at that time was because of his use of drugs and now he's back before this Court on a revocation hearing, and he's still using drugs. Therefore, this Court will revoke the probation of Mr. Rusche. And I think this Court must revoke, not only for the safety of society, but also for the safety of Mr. Rusche in that it appears over the last four years that he has not taken on the responsibility for himself to stop using drugs in an effort to improve his own condition. And whether or not it was an oversight by the probation officer not to get him into a drug alcohol program, Mr. Rusche knew better than anyone his condition and his problems and that he needed treatment for drugs. Therefore, this Court revokes the probation of Mr. Rusche and sentence [sic] you to a term of two years in the custody of Mississippi Department of Corrections and order that you receive treatment for drug abuse while in the custody of Mississippi Department of Corrections. That will be the order of this Court.
¶ 20. Although Rusche was only afforded one hearing rather than both a preliminary and final hearing, the fact that he was put on notice excuses this alleged procedural mishap. Also, regardless of whether or not Rusche was the driver of the vehicle when it wrecked, a blood test and other evidence proved he had consumed alcohol and smoked marijuana, which are obvious violations of probation provisions. As the judge said, drug use led to his initial crime, and his failure to stop using shows his disregard for his actions. Additionally, Riely v. State, 562 So.2d 1206 (Miss.1990) states that a probation defendant is not necessarily entitled to two "formal" hearings, so long as he is put on notice of the evidence in support of his revocation. Id. at 1211. Here, this was the case. Thus, there is no due process problem here.

II. THE TRIAL COURT ERRED IN REVOKING FREDDIE RUSCHE'S PROBATION AT HIS INITIAL HEARING AND ON INADMISSIBLE EVIDENCE, ALL IN VIOLATION OF THE TRIAL JUDGE'S OWN RULING ENTERED ON RUSCHE'S MOTION IN LIMINE NO MORE THAN AN HOUR AND A HALF TO TWO HOURS BEFORE THE REVOCATION WAS HANDED DOWN.
¶ 21. Rusche cites no authority for this issue wherein he claims the trial judge considered impermissible evidence in her decision to revoke his probation, evidence that the judge, in granting the motion in limine, had previously ruled would not be admitted. Specifically, Rusche asserts that only those matters set forth in Stuart's affidavit and in the district attorney's motion to revoke could be grounds for consideration, since those are the only matters for which he had notice.
¶ 22. Stuart's affidavit refers to Rusche's use of marijuana the night of the accident. The district attorney's motion to revoke refers to Rusche's alleged previous convictions of trespassing and malicious mischief, his traffic citations for driving *794 without a license, and his involvement in the car accident and use of marijuana the night of the accident. Again, citing no authority, Rusche claims in his brief that the trial judge finally revoked his probation on the sole ground that he had continued to use drugs. We look to the probation order and find a rule therein which reads that the defendant "shall hereafter commit no offense against the laws of this or any state of the United States." Certainly, even smoking marijuana one time is a violation of our State's laws. Accordingly, we find no reason why this single incident of drug use is not proper grounds for revocation, especially in light of the judge's statements concerning Rusche's need to seek treatment, since such drug use led to his initial criminal behavior. There is no error here.

III. THE TRIAL JUDGE ERRED IN REVOKING RUSCHE'S PROBATION ON THE SOLE GROUND THAT HE HAD CONTINUED TO USE DRUGS WHEN THERE WAS NO LEGALLY ADMISSIBLE EVIDENCE OF THE PROBATIONER CONTINUING TO USE DRUGS AND NO NOTICE GIVEN TO THE PROBATIONER THAT HE WAS CHARGED WITH THE CONTINUED USE OF DRUGS FOLLOWING HIS PROBATION.
¶ 23. Rusche claims that in revoking his probation, the judge erred in basing her decision solely on evidence of a single incident of drug use which occurred the night of the accident. He also claims that such evidence was illegally obtained since it came from the illegal blood alcohol test taken after the accident. However, the facts show that the blood test is not solely where the judge got her information. Officer Stuart testified that Rusche appeared under the influence of drugs, plus photographs taken the night of the incident show Rusche smoking marijuana and drinking alcohol. Rusche's claim that the blood-alcohol and drug tests taken after the accident were improper is irrelevant since other evidence, including these photos and other testimony, revealed that he had used marijuana on that occasion, which constitutes grounds for revoking his probation. This issue has no merit.

IV. RUSCHE'S PROBATION SHOULD NOT HAVE BEEN REVOKED SINCE HE SUBSTANTIALLY COMPLIED WITH THE TERMS OF HIS PROBATION.
¶ 24. Rusche claims that since he substantially complied with the terms of his probation (paid all money owed, submitted to examination by parole officers when asked, attended meetings) that the judge acted improperly in revoking his probation solely because he received several traffic tickets and tested positive for marijuana on two or three occasions over the five-year period of probation. As previously cited, the judge realized that the reason Rusche committed his initial crime was due to his use of drugs; if Rusche did not stop using drugs during his probationary period, chances were good he would commit a crime again while under the influence. Thus, she found this evidence of drug use to be grounds enough to revoke the probation. Rusche forgets that the rehabilitative purposes of probation are to persuade the probationer to change his ways. Here, Rusche showed no inclination to steer away from his former behavior, and the judge used her discretion to revoke his probation. There is no error.

CONCLUSION
¶ 25. For the reasons described herein, we find that Rusche's motion for post-conviction relief was properly denied. Accordingly, we affirm.
¶ 26. THE JUDGMENT OF THE YAZOO COUNTY CIRCUIT COURT OF *795 DENIAL OF POST-CONVICTION RELIEF IS AFFIRMED. COSTS OF THIS APPEAL ARE TAXED TO THE APPELLANT.
SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, and CHANDLER, JJ., CONCUR. KING. P.J., CONCURS IN RESULT ONLY. BRANTLEY, J., NOT PARTICIPATING.
NOTES
[1] Henry Rusche, Jr., and Freddie H. Rusche, II are one and the same person.