853 So.2d 136 (2003)
Eric FORSHEE, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002-CP-00217-COA.
Court of Appeals of Mississippi.
May 27, 2003.
Rehearing Denied August 26, 2003.
*137 Eric Forshee, appellant, pro se.
*138 Office of the Attorney General, by Charles W. Maris, attorney for appellee.
Before KING, P.J., MYERS and GRIFFIS, JJ.
KING, P.J., for the Court.
¶ 1. Eric Forshee perfected this appeal from an order denying post-conviction collateral relief entered by the Circuit Court of Monroe County, Mississippi. On October 10, 1994, Forshee pled guilty to two counts of uttering a forgery. He was sentenced to fifteen years on each count, with the sentences to run consecutively.
¶ 2. Forshee, pro se, filed a petition for post-conviction collateral relief on March 27, 2000. His petition was denied by the trial court. On appeal, Forshee raises the following issues:
I. Whether the trial court erred in revoking Forshee's probation based on hearsay testimony by the State's witness regarding charges that were later dismissed and by denying his petition for post-conviction collateral relief.
II. Whether the trial court erred in dismissing Forshee's ineffective assistance of counsel claim.

FACTS
¶ 3. In July 1994, Forshee was indicted for two counts of forgery. On October 10, 1994, Forshee (represented by two attorneys) pled guilty to the charges.
¶ 4. During the guilty plea hearing, the trial judge questioned Forshee extensively to determine whether his pleas were knowingly and voluntarily made. Forshee indicated that he understood the nature of the charges and that he was in fact guilty of the crimes.
¶ 5. The trial judge questioned Forshee to determine if his attorneys had advised him of the charges and the consequences of pleading guilty to the charges. Forshee responded affirmatively. The trial judge also advised Forshee of the maximum and minimum penalties allowable. Forshee acknowledged that he understood that.
¶ 6. The trial judge asked Forshee whether his attorneys had done anything to make him plead guilty, to which he responded, "no, sir." The trial judge asked him if he was satisfied with the legal services and advice provided by the attorneys. Forshee indicated that he was satisfied with their services.
¶ 7. After inquiry, the trial judge determined that Forshee "knowingly, understandingly, freely, and voluntarily entered each of these pleas of guilty." The court accepted his pleas and asked the State if it had a sentencing recommendation. The State indicated that it did not have a recommendation as to sentence, but requested that restitution be required in the amount of $18,327.39, arising from "approximately twenty odd cases that have not been presented to the Monroe County grand jury."
¶ 8. The trial judge indicated that the State had agreed that the pending cases would be retired to the file. The trial judge then sentenced Forshee to a term of fifteen years on count one and fifteen years on count two, to be served consecutively. The trial judge retained jurisdiction of this case for 180 days, and indicated that, if during that period Forshee stayed out of trouble, the court would cause him to be placed in a restitution center.
¶ 9. On August 17, 1995, Forshee's sentence was suspended and he was placed on supervised probation for five years. While on probation, Forshee was suspected of possible fraudulent use of a credit card. The State filed a petition seeking to revoke the probation and to impose the suspended sentences previously ordered.
¶ 10. At the revocation hearing on October 29, 1997, the State presented testimony *139 from James Sherman of the Mississippi Department of Corrections who indicated that on July 24, 1997, Forshee was charged by the Columbus Police Department with a crime, using a credit card without the consent of the cardholder, which occurred on September 7, 1995.
¶ 11. Officer John Pevey of the Columbus Police Department, stated that upon investigating the possible fraudulent use of a credit card at the Sesser Chevrolet dealership in Columbus, he learned from a sales person at the dealership that:
[T]here was an individual who had made an interest in purchasing a vehicle which was through a lease agreement there at Sesser Chevrolet and that this person had filed his intent to lease this vehicle and in doing so had filled out several applications using the name of Eric Forshee by including one application where it had the any other co-leasors had the name of Mary Forshee using the Aberdeen, Mississippi address on Egypt road [sic].
¶ 12. Based on the information, Forshee was arrested and charged with fraud. Officer Pevey was not present when Forshee allegedly used the credit card at Sesser Chevrolet.
¶ 13. After hearing the testimony presented, the trial judge determined that Forshee had violated the terms and conditions of his probation, and revoked his probationary status.

ISSUES AND ANALYSIS

I.
Whether the trial court erred in revoking Forshee's probation based on hearsay testimony by the State's witness regarding charges that were later dismissed and by denying his petition for post-conviction collateral relief.
¶ 14. Forshee asserts that the trial court erred in revoking his probation based solely on the hearsay testimony. He claims that the State failed to present "any physical evidence" in support of the allegations.
¶ 15. At the revocation hearing, Officer Pevey indicated that the salesperson at Sesser Chevrolet positively identified the picture of Forshee and stated that the credit card Forshee used had been reported stolen.
¶ 16. On appeal, a reviewing court should not disturb a lower court's decision to deny a petition for post-conviction relief unless the court's factual findings are clearly erroneous. McClinton v. State, 799 So.2d 123(¶ 4) (Miss.Ct.App. 2001). However, where questions of law are raised the applicable standard of review is de novo. Id.
¶ 17. Minimum due process requirements have been imposed for parole revocation hearings. Morrissey v. Brewer, 408 U.S. 471, 485-87, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). "For a defendant to be guaranteed full protection of the law there must be: (a) written notice of the claimed violations of [probation or] parole; (b) disclosure to the [probationer or] parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a `neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the fact finders as to the evidence relied on and reasons for revoking [probation or] parole." McClinton v. State, 799 So.2d 123(¶ 5) (Miss.Ct. App.2001).
*140 ¶ 18. Forshee cites to Grayson v. State, 648 So.2d 1129, 1134 (Miss.1994), which deals with probation revocation hearings, but Forshee has not cited authority that hearsay testimony may not be used in revocation hearings. In fact, the Mississippi Rules of Evidence do not apply to proceedings "granting or revoking probation." Younger v. State, 749 So.2d 219(¶ 9) (Miss.Ct.App.1999). "Therefore, the rule barring hearsay does not apply, and hearsay evidence is properly admittable in such hearings." Id.
¶ 19. Forshee alleges that the charge which served as the basis for the revocation of probation was dismissed. We cannot ascertain the validity of this remark because that information is not in the record provided by Forshee. However, it is immaterial that the charge was dismissed. Even if the charge were dismissed, that is not controlling when the revocation of probation is at issue.
¶ 20. The level of proof required for the revocation of probation is significantly less than that which is required for a conviction. Our supreme court has stated that a conviction is not necessary to revoke probation. Id. at (¶ 12). Probation may be revoked upon a showing that the defendant "more likely than not" violated the terms of probation. Id. A conviction requires proof beyond a reasonable doubt. Russell v. State, 220 So.2d 334, 338 (Miss. 1969).
¶ 21. Based upon the evidence, the trial judge determined that Forshee "more likely than not" violated the terms of his probation. In so finding, the trial judge stated "the [c]ourt heard testimony that the Petitioner had committed several crimes while he was on supervised probation. The [c]ourt, having reviewed the transcript, finds that there was sufficient cause to find that Petitioner violated the terms and conditions of his probation, and his probation was not unlawfully revoked."

II.
Whether the trial court erred in dismissing Forshee's ineffective assistance of counsel claim.
¶ 22. Forshee asserts that the trial court erred in barring his claim of ineffective assistance of counsel. He claims that the trial court never heard his ineffective assistance of counsel claim which was supposed to have been argued in November 1997 by his attorney at the time. He maintains that he was "never called or appeared at the hearing."
¶ 23. In the order dated August 24, 2001, denying post-conviction collateral relief, the trial court determined that Forshee's claim was procedurally barred pursuant to Miss.Code Ann. Section 99-39-5(2) (Rev.2000), which provides:
(2) A motion for relief under this chapter shall be made within three (3) years after the time in which the prisoner's direct appeal is ruled upon by the Supreme Court of Mississippi or, in case no appeal is taken, within three (3) years after the time for taking an appeal from the judgment of conviction or sentence has expired, or in case of a guilty plea, within three (3) years after entry of the judgment of conviction. Excepted from this three-year statute of limitations are those cases in which the prisoner can demonstrate either that there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different *141 result in the conviction or sentence. Likewise excepted are those cases in which the prisoner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked. Likewise excepted are filings for post-conviction relief in capital cases which shall be made within one (1) year after conviction.

(emphasis added). Forshee has not shown that his claim is an exception. Forshee argues that the ineffective assistance of counsel claim is a fundamental right which is not barred.
¶ 24. Having determined that Forshee's claim of ineffective assistance is procedurally barred, we find no error in the trial court's decision.
¶ 25. THE JUDGMENT OF THE MONROE COUNTY CIRCUIT COURT DENYING POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MONROE COUNTY.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.