MAXWELL, J.,
for the Court:
¶ 1. Edward Robertson appeals from the denial of his post-conviction relief (PCR) challenge. While on supervised release for two felony convictions, Robertson was arrested and pled guilty to felony DUI but was not afforded a preliminary revocation hearing before the circuit judge revoked his post-release supervision. We find the failure to hold a preliminary revocation hearing, on these facts, was at most harmless error, which did not entitle Robertson to post-conviction relief. Furthermore, when later given the option of setting aside his revocation, and proceeding with a preliminary revocation hearing, Robertson recognized the futility of doing so and expressly waived his right to the preliminary hearing. We thus affirm the circuit court’s denial of Robertson’s PCR motion.
Facts and Procedural History
¶ 2. On May 9, 2000, Robertson entered guilty pleas to armed robbery and conspiracy to commit armed robbery. Robertson was sentenced to concurrent sentences of forty years and five years for the two crimes. He was ordered to serve the first fifteen years in prison, with the remaining twenty-five years on post-release supervision. Robertson was apparently released on post-release supervision on February 9, 2008.
¶ 3. On October 11, 2010, Robertson’s Mississippi Department of Corrections (MDOC) field officer filed an affidavit, attesting that Robertson had pled guilty to a *912 new crime[1] while on post-release supervision. The field officer also cited Robertson for failing to report to him from July 2010 to October 2010, and failing to pay court-ordered fines and supervision fees. On October 11, 2010, a warrant issued for Robertson’s arrest for these post-re.lease-supervision violations. According to Robertson, he was arrested on May 4, 2011.
¶4. On November 7, 2011, the circuit judge held a revocation hearing and revoked the first six years of Robertson’s previously suspended sentence. The judge ordered that he serve this time consecutively to the sentence for his most recent conviction. The court suspended the remainder of his sentence, other than five years of post-release supervision.
¶5. On February 17, 2012, Robertson filed a pro se PCR motion. He argued his post-release supervision was wrongfully revoked since he was never notified of his right to a preliminary revocation hearing. The circuit judge set an evidentiary hearing on Robertson’s PCR motion.
¶ 6. At the August 1, 2012 evidentiary hearing, the court addressed Robertson’s PCR motion and acknowledged Robertson had not been informed of his right to a preliminary revocation hearing. After advising Robertson that he was indeed entitled to a preliminary revocation hearing, the circuit court gave Robertson the option of setting aside his revocation to allow him this due-process right. But the judge carefully explained the reality that a preliminary hearing would essentially afford Robertson no relief, since he had been convicted of a crime while on supervised release — an obvious violation of his supervised release. Recognizing the futility of demanding this procedural right, Robertson expressly waived the hearing, essentially abandoning this right.
' ¶ 7. On August 16, 2012, the circuit court entered an order denying Robertson’s PCR motion. Still, Robertson filed a petition for a writ of prohibition with the Mississippi Supreme Court, which the supreme court treated as a notice of appeal and assigned to this court.
Discussion
¶ 8. Much as the PCR judge ultimately did, we acknowledge that when facing a revocation of post-release supervision, a defendant is “entitled to a preliminary hearing and a final revocation hearing.” Presley v. State, 48 So.3d 526, 529 (¶ 11) (Miss.2010) (citing Gagnon v. Scarpelli, 411 U.S. 778, 786, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); Riely v. State, 562 So.2d 1206, 1210 (Miss.1990)). But the failure to provide a preliminary revocation hearing does not necessarily nullify a later-held final revocation hearing, much less automatically entitle a movant to post-conviction relief. See id. at (¶ 12).
¶ 9. This court has previously addressed a similar PCR claim, comparing the rights of a probationer to those of a suspect in a routine criminal case who is arrested and confined. Rusche v. State, 813 So.2d 787, 790 (¶ 12) (Miss.Ct.App.2002). We acknowledged that proeedural-due-process considerations entitle a suspect to a preliminary hearing to determine probable cause to continue his confinement shortly after his arrest in a criminal case. Id. (citing URCCC 6.03); Johnson v. State, 749 So.2d 306, 308 (¶ 3) *913 (Miss.Ct.App.1999). However, if this hearing is “not conducted and the suspect is subsequently tried, convicted, and sentenced, then the failure to grant a preliminary hearing, though clearly error, is, nevertheless, subjected to harmless error analysis.” Rusche, 813 So.2d at 790 (¶ 12) (citing Esparaza v. State, 595 So.2d 418, 423 (Miss.1992)). The underlying rationale is that an illegal detention, itself, does not vitiate a subsequent conviction. Id. (citing Gerstein v. Pugh, 420 U.S. 103, 119, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975)). In a later procedurally similar case, the Mississippi Supreme Court adopted this court’s reasoning in Rusche and likewise applied a harmless-error standard to a PCR petitioner’s claim that failure to afford a preliminary revocation hearing before final revocation violated his dup-process rights. Presley, 48 So.3d at 529-30 (¶¶ 13-14).
¶ 10. Further, a defendant facing post-release-supervision revocation “may waive the right to a preliminary hearing and elect to proceed to the final revocation hearing.” Smith v. State, 94 So.3d 335, 339 (¶ 7) (Miss.Ct.App.2012). And here, once given the option to set aside the revocation and to proceed with a preliminary hearing, Robertson declined this procedural safeguard.
¶ 11. “Revocation requires only a showing that the defendant ‘more likely than not’ violated the terms” of the post-release supervision. Felix v. State, 73 So.3d 1194, 1196 (¶ 8) (Miss.Ct.App.2011). Since Robertson entered a guilty plea to felony DUI, it was certainly “more likely than not” that he committed a crime in violation of the terms of his post-release supervision. So even absent the later waiver of the preliminary hearing, based on Presley and Rusche, we find no reversible error in the circuit court’s denial of Robertson’s PCR motion. Therefore, we affirm.
¶ 12. THE JUDGMENT OF THE PIKE COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PIKE COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, FAIR AND JAMES, JJ., CONCUR.

. The affidavit stated "DUI 2nd.” But it appears Robertson pled guilty to felony DUI. At the November 7, 2011 hearing, the judge stated: "The court finds by clear and convincing evidence that Edward Robertson has materially violated the terms and conditions of his post-release supervision by pleading guilty to a new felony....” Also, the record contains a print-out from the MDOC entitled "Inmate Time Sheet,” which indicates he was convicted of felony DUI.