MYERS, P. J.,
for the Court.
¶ 1. Carlos Ivy pled guilty to burglary and simple robbery in the Circuit Court of Union County. Ivy was sentenced to serve twenty five years for burglary with thirteen of those years suspended, leaving twelve years to serve, and twelve years for simple robbery in the custody of the Mississippi Department of Corrections, with both sentences to run concurrently. Ivy was also ordered by the court to pay restitution in the amounts of $900 for the burglary and $1,250 for the simple robbery, along with all costs, fees, and assessments regarding this matter. Thereafter, Ivy filed a motion for post-conviction relief. The trial judge denied the motion after conducting a hearing, and Ivy has appealed.
FACTS
¶ 2. On June 22, 1999, Ivy pled guilty to the charges of burglary and simple robbery before the Circuit Court of Union County. At that time, Ivy was fifteen years old. On that same day, Ivy was sentenced to twenty five years for the burglary charge with thirteen years suspended and twelve years for the robbery charge in the custody of the Mississippi Department of corrections with both sentences to run concurrently, for a total of twelve years to serve. Ivy was also ordered to make restitution payments in the amounts of $900 for the burglary charge and $1,250 for the robbery charge, along with all costs, fees and assessments regarding this matter. On March 22, 2002, Ivy filed a pro se motion for post-conviction relief raising the following two issues:
I. WHETHER OR NOT TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO INVESTIGATE, FAILING TO CONSULT WITH HIS CLIENT, FAILING TO ADVOCATE FOR HIS CLIENT AND FAILING TO ACCURATELY ADVISE HIS CLIENT OF THE MINIMUM SENTENCE PURSUANT TO THE PLEA AGREEMENT.
II. WHETHER OR NOT IVY’S PLEA WAS KNOWING AND VOLUNTARY.
¶ 3. The Circuit Court of Union County granted Ivy an evidentiary hearing and appointed counsel to represent Ivy in his post-conviction relief proceedings. The Circuit Court of Union County held a post-conviction hearing on June 20, 2003. After hearing testimony, the trial court denied relief, and Ivy appeals to this Court the trial court’s ruling.
ANALYSIS AND DISCUSSION OF THE ISSUES
¶ 4. Post-conviction collateral relief is “to provide prisoners with a procedure, limited in nature, to review those objections, defenses, claims, questions, issues, or errors which in practical reality could not have been or should not have been raised at trial or on direct appeal.” Miss. Code Ann. § 99-39-3(2) (Rev.2000). Post-conviction relief is not the same or a substitute for direct appeal.
STANDARD OF REVIEW
¶ 5. This Court will not disturb the trial court’s factual findings, when reviewing a decision to deny a petition for post-conviction relief, unless they are found to be clearly erroneous. Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999). However, the applicable standard of review is de novo where questions of law are raised. Id. at 598(¶ 6).
DISCUSSION
¶ 6. Ivy contends that his. counsel failed to consult with him regarding the charges against him and this resulted in *86 ineffective assistance of counsel. He goes further to state that his trial counsel did not properly investigate his case in order to represent him sufficiently. Ivy also argues that he was unaware of the length of the minimum sentence he was required to serve. The Circuit Court of Union County ruled at Ivy’s post-conviction relief hearing that he was represented by competent counsel, who informed him of the possible results of a conviction and the possible punishment under the statute. This Court agrees with the trial court’s ruling.
¶ 7. In order to pursue a successful claim of ineffective assistance of counsel, Ivy must prove that his counsel’s performance was so deficient that prejudice resulted, and that but for the counsel’s deficiency the outcome in the trial court would have been different. Stevenson v. State, 798 So.2d 599, 601-02(¶5) (Miss.Ct.App. 2001). Ivy faces a strong presumption that his counsel rendered reasonable professional assistance. Swington v. State, 742 So.2d 1106, 1114(¶ 23) (Miss.1999). Therefore, Ivy must prove that his guilty plea was a result of ineffective assistance of counsel, and he must show that those errors resulted in him pleading guilty and that but for counsels errors he would not have pled guilty. Id.
¶ 8. Ivy claims that his counsel did not disclose favorable evidence to him before his guilty plea hearing. The transcript of the plea hearing represented that Ivy’s counsel was rendering effective assistance. Ivy was not sentenced to the maximum sentence, and when the trial judge asked Ivy if he was satisfied with his lawyer’s work, he responded in the affirmative. The transcript goes further to indicate that Ivy’s counsel had his armed robbery charge reduced to simple robbery. Ivy produced no evidence to indicate that his counsel was ineffective. Upon review, we conclude that Ivy received effective assistance of counsel. Therefore, this claim has no merit.
¶ 9. Ivy also contends that he was unaware how many years he would be sentenced to when he entered his guilty plea, asserting that his plea was involuntary. However, at sentencing the trial judge explained to Ivy that he was entitled to a trial if he so wished. The judge went further to say that he would not have to testify if he went to trial and explained self-incrimination to Ivy. Finally the judge told Ivy that the maximum sentence for burglary was twenty five years and the maximum sentence for simple robbery was fifteen years.
 ¶ 10. A guilty plea is not binding unless it is voluntarily and intelligently entered into by the criminal defendant. Myers v. State, 583 So.2d 174, 177 (Miss.1991). A plea is considered voluntary and intelligent when the defendant is advised concerning the nature of the charge against him and the consequences of the plea. See Wilson v. State, 577 So.2d 394, 396-97 (Miss.1991). The defendant must also be told that a guilty plea waives all right to a jury trial. See Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
¶ 11. The trial judge questioned Ivy thoroughly at the sentencing hearing to guarantee that he understood all results of him entering a plea of guilty. Ivy even acknowledged at the hearing that he understood the maximum sentence of twenty five years and fifteen years for his convictions. No evidence has been presented to prove that Ivy did not understand his sentence.
¶ 12. The trial judge was aware that Ivy was fifteen years old at the time of his sentencing. He also went to great lengths to explain every facet of entering a guilty plea to him in detail. According to *87 Mississippi Code Annotated § 43-21-151(1)(b) (Rev.2004), any act attempted or committed by a child with a deadly weapon, which if committed by an adult could result in a life sentence, such as armed robbery, gives original jurisdiction to the Circuit Court. Ivy was charged with armed robbery; therefore, it was proper for Ivy to be treated as an adult regarding entering his guilty plea.
¶ 13. The trial court granted Ivy an evidentiary hearing on his post-conviction relief motion, where the court appointed him counsel, and after hearing testimony from Ivy and counsel’s argument the trial court found no merit to this motion. This Court agrees with the trial court’s findings.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF UNION COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO UNION COUNTY.
KING, C.J., LEE, P.J., IRVING, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ„ CONCUR.