GRIFFIS, P.J.,
for the Court:
¶ 1. Carlos Ivy appeals the denial of his motion for post-conviction collateral relief. Ivy argues: (1) his sentence exceeded the maximum allowed by law; (2) his sentence was illegal; (3) his guilty plea was involuntary; (4) his counsel was ineffective; and (5) he was subjected to an illegal search and seizure. We find no error and affirm.
FACTS
¶ 2. On September 16, 2010, Ivy pleaded guilty in the Circuit Court of Union County to possession of cocaine and child endangerment. On the charge of possession of cocaine, Ivy was sentenced to serve sixteen years, with one year suspended. On the charge of child endangerment, Ivy was sentenced to serve ten years, with ten years suspended. The circuit judge ordered the sentences to run consecutively, for a total of fifteen years to serve in the Mississippi Department of Corrections, fol *768 lowed by five years of post-release supervision.
¶ 3. On December 10, 2010, Ivy filed a motion for post-conviction collateral relief. The circuit court denied the motion without a hearing. Ivy now appeals.
STANDARD OF REVIEW
¶ 4. The denial of a motion for post-conviction collateral relief will not be reversed absent a finding that the circuit court’s decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150 (¶ 3) (Miss.Ct.App.2002). However, when reviewing issues of law, the standard of review is de novo. Brown v. State, 731 So.2d 595, 598 (¶ 6) (Miss.1999).
ANALYSIS

1. Length of Sentence

¶ 5. Ivy argues his sentence is illegal because, when combined with the term of post-release supervision, it exceeds the maximum authorized by statute. Ivy cites to Mississippi Code Annotated section 47-7-34 (Rev.2011) in support of his position. Section 47-7-34 states: “[T]he total number of years of incarceration plus the total number of years of post-release supervision shall not exceed the maximum sentence authorized to be imposed by law for the felony committed.”
¶ 6. The maximum sentence for Ivy’s possession-of-cocaine charge was sixteen years. See Miss.Code Ann. § 41-29-139(c)(1)(C) (Rev.2009). The maximum sentence for Ivy’s child-endangerment charge was ten years. See Miss.Code Ann. § 97-5-39(2)(b)(i) (Rev.2006). Ivy was sentenced to the maximum term on each count, for a total of twenty-six years. However, eleven years of his sentence were suspended, leaving fifteen years to serve. When the five years of post-release supervision are added to the fifteen years of incarceration, the resulting twenty years is less than the permissible statutory maximum sentence. See Brown v. State, 923 So.2d 258, 260 (115) (Miss.Ct.App.2006). Accordingly, we find no merit to this issue.

2. Suspended Sentence

¶ 7. Next, Ivy argues his sentence must be reversed because, according to Mississippi Code Annotated section 47-7-33 (Rev.2011), he could not be given a suspended sentence, as he was a previously convicted felon.
¶8. Section 47-7-33(1) states, in part, that the circuit court “shall have the power, after conviction or a plea of guilty, except ... where the defendant has been convicted of a felony on a previous occasion ..., to suspend the imposition or execution of sentence, and place the defendant on probation as herein provided.... ”
¶ 9. The assertion that a previously convicted felon cannot receive a suspended sentence is not a new one. The Mississippi Supreme Court put this argument to rest in Johnson v. State, 925 So.2d 86, 105 (¶ 39) (Miss.2006). The Johnson court specifically held that circuit courts have the power to suspend sentences for previously convicted felons that would have been considered illegal under section 47-7-33(1). Johnson, 925 So.2d at 102 (¶ 31). The supreme court explained this holding as follows:
Through the legislature’s enactment of [s]eetion 47-7-34 and our holdings in Miller [v. State, 875 So.2d 194 (Miss.2004) ] and Sweat [v. State, 912 So.2d 458 (Miss.2005) ], the sentencing discretion formerly accorded to our trial courts has been returned. No longer can [previously] convicted felons take advantage of the statutory windfall which temporarily existed in [s]ection 47-7-33 that allowed for felons to characterize what in effect was a more le *769 nient sentence, as being somehow an “illegal” sentence. Moreover, our appellate courts should recognize the intentions of our trial judges when they suspend a sentence and either impose probation under [sjection 47-7-33, or post-release supervision under [s]ection 47-7-34. Thus, in reviewing the sentencing orders of our trial courts, we must be hereinafter cognizant of the fact that while the supervisory role of the MDOC is limited under both [s]ec-tions 47-7-33 and -34, the supervisory role of our trial courts is not so limited. For purposes of clarity, consistency and cohesion, we hold today that the circuit and county courts of this state have the power to suspend, in whole or in part, a convicted felon’s sentence under ... [sjection 47-7-33 inasmuch as this Court and the legislature have empowered them to do so under ... [sjection 47-7-34, and to the extent that the practice has been historically ingrained in our criminal courts’ sentencing practice. In this way, the appellate courts of this state should liberally read the Probation Act, as codified in 1956, along with the Post-Release Supervision Program, as codified in 1995, with an eye on the intentions of the trial courts, recognizing the trial courts’ ability to monitor or supervise [previously] convicted felons beyond the five-year maximum period statutorily assigned to the MDOC.
Johnson, 925 So.2d at 102-03 (¶¶ 31-32) (citation omitted). Accordingly, we find no merit to this issue.

3. Voluntariness of Guilty Plea and Ineffective Assistance of Counsel

¶ 10. Ivy next argues that his guilty plea was involuntary because his attorney gave him erroneous advice regarding his sentence. Ivy does not allege any misinformation was given to him by the trial court. This argument is in effect a claim for ineffective assistance of counsel.
¶ 11. For Ivy to prove he received ineffective assistance of counsel, he must show: (1) his counsel’s performance was deficient, and (2) this deficiency prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). “In the context of guilty pleas, this means the defendant must show that, were it not for counsel’s errors, he would not have pleaded guilty and would have insisted on going to trial.” Burrough v. State, 9 So.3d 368, 375 (¶ 22) (Miss.2009).
¶ 12. First, Ivy asserts his attorney told him that his sentence fell under the “25% law”; however, Ivy learned later he was not eligible for this reduced sentence because of his child-endangerment conviction. The 25% law is found in Mississippi Code Annotated section 47-7-3 (Rev.2011). It states that a prisoner who is sentenced to one year or more but less than thirty years may be released on parole after serving at least one-fourth of the sentence. See id. However, section 47-7-3(l)(h) specifically excepts child endangerment from this parole provision.
¶13. Ivy asserts his attorney persuaded him to plead guilty based on the possibility of parole, and that he would not have pleaded guilty but for his attorney’s misrepresentation. In support of his argument, Ivy submits his own affidavit as well as the affidavits of two other people. All the affidavits state that Ivy’s counsel told Ivy on the day of sentencing that he would be eligible for parole under the 25% law. The affidavits, which are attached to Ivy’s appellate brief, are dated October and November 2011. Ivy’s post-conviction motion was denied on May 11, 2011, and a second motion to vacate his conviction was denied on June 29, 2011. A party cannot make something part of the record by simply attaching it to his brief. McCullough v. *770 State, 47 So.Sd 1206, 1211 (¶ 18) (Miss.Ct.App.2010). This Court “will not consider matters which are outside the record and must confine ourselves to what actually does appear in the record.” Jones v. State, 776 So.2d 643, 649 (¶ 17) (Miss.2000) (quoting Medina v. State, 688 So.2d 727, 782 (Miss.1996)). The affidavits are not in the record and cannot be considered on appeal. Ivy cannot bring this claim on his bare assertions. See id. This issue is without merit.
¶ 14. We note that, regardless of Ivy’s claims, Ivy stated during his sentencing hearing that he was not persuaded to plead guilty by the promise of a lighter sentence or any other kind of inducement. “Great weight is given to statements made under oath and in open court during sentencing.” Gable v. State, 748 So.2d 703, 706 (¶ 11) (Miss.1999). Further, “[a] plea is considered voluntary and intelligent when the defendant is advised concerning the nature of the charge against him and the consequences of the plea.” Ivy v. State, 918 So.2d 84, 86 (¶ 10) (Miss.Ct.App.2006) (citing Wilson v. State, 577 So.2d 394, 396-97 (Miss.1991)). Ivy was informed by the trial court of the charges against him and the potential sentences those charges carried. Ivy’s argument is without merit.
¶ 15. Second, Ivy argues his counsel was ineffective because he failed to investigate the case. Ivy asserts his attorney should have noticed certain errors, such as that the sentence was illegal and the search warrant failed to show probable cause. We find no error with regard to Ivy’s sentence or the search warrant (as discussed below); thus, we cannot find a basis for the assertion that Ivy’s attorney was ineffective.
A Search and Seizure
¶ 16. Finally, Ivy argues he was subjected to an illegal search and seizure because the search warrant did not contain sufficient information. Ivy alleged illegal search and seizure before the trial court; however, he argued the search was illegal because he was not allowed to be present in his home while the search was conducted. Therefore, this particular argument is brought for the first time on appeal and is procedurally barred. See Walker v. State, 913 So.2d 198, 217 (¶ 49) (Miss.2005). Regardless, this issue was waived when Ivy pleaded guilty. See King v. State, 738 So.2d 240, 241 (¶¶ 4-5) (Miss.1999) (finding claim of illegal search and seizure under the Fourth Amendment was waived when defendant pleaded guilty).
¶ 17. We find no error in the denial of Ivy’s motion for post-conviction collateral relief. The judgment of the circuit court is affirmed.
¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF UNION COUNTY DENYING THE MOTION FOR POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO UNION COUNTY.
BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ„ CONCUR. IRVING, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY LEE, C.J., AND RUSSELL, J.