# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CA-01408-COA

**MICHAEL BERNARD MOORE A/K/A**　　　　　　　　　　**APPELLANT**
**MICHAEL B. MOORE A/K/A MICHAEL**
**MOORE A/K/A MICHAEL BANARD MOORE**

**v.**

**STATE OF MISSISSIPPI**　　　　　　　　　　　　　　　**APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 09/14/2016 |
| TRIAL JUDGE: | HON. CHRISTOPHER LOUIS SCHMIDT |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | WILLIAM STACY KELLUM III |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LAURA HOGAN TEDDER |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 06/26/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., GREENLEE AND TINDELL, JJ.**

**GREENLEE, J., FOR THE COURT:**

¶1.    On October 17, 2011, Michael Bernard Moore pled guilty to statutory rape and was sentenced by the Harrison County Circuit Court to thirty years in the custody of the Mississippi Department of Corrections (MDOC). Moore filed a motion for post-conviction relief (PCR) in 2016, which the circuit court dismissed. The circuit court determined that the motion was procedurally barred and Moore was not entitled to any relief for his claims. Finding no error, we affirm.

## BACKGROUND

¶2. On July 26, 2010, Moore was indicted on the charges of statutory rape in violation of Mississippi Code Annotated section 97-3-65(1) (Supp. 2007) and the touching of a child for lustful purpose in violation of Mississippi Code Annotated section 97-5-23(1) (Rev. 2006). On October 17, 2011, Moore pled guilty to Count One, statutory rape, in the Circuit Court of Harrison County, Mississippi. The circuit court sentenced him to thirty years in the custody of the Mississippi Department of Corrections (MDOC), with ten years suspended and twenty years to serve, followed by five years of post-release supervision. Moore was further ordered to pay a $2,000 fine, to be paid at a rate of $50 per month. Moore's sentence also required that he register as a sexual offender and have no further contact with the victim.

¶3. On July 1, 2016, Moore filed a PCR motion. The motion asserted several errors, including invalidity of the indictment, lack of subject matter jurisdiction, ineffective assistance of counsel, and double jeopardy. The trial court dismissed Moore's motion without an evidentiary hearing, concluding Moore's claims did not except his motion from the three-year statutory bar. On appeal, Moore raises the following issues: lack of jurisdiction, ineffective assistance of counsel, lack of capacity to enter a guilty plea, and dismissal without an evidentiary hearing.

**STANDARD OF REVIEW**

¶4. A trial court may summarily dismiss a PCR motion "[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief . . . ." Miss. Code Ann. § 99-39-11(2) (Rev. 2015). The summary dismissal of a defendant's PCR motion will be affirmed "if [he] fails to

2

demonstrate a claim procedurally alive substantially showing the denial of a state or federal right." *Salter v. State*, 184 So. 3d 944, 948 (¶10) (Miss. Ct. App. 2015) (citing *White v. State*, 59 So. 3d 633, 635 (¶4) (Miss. Ct. App. 2011)). When reviewing a trial court's denial or dismissal of a PCR motion, we will only disturb the trial court's decision if the trial court abused its discretion and the decision was clearly erroneous. However, we review the trial court's legal conclusions de novo. *Hughes v. State*, 106 So. 3d 836, 838 (¶4) (Miss. Ct. App. 2012).

¶5.     When a defendant pleads guilty to an offense, the corresponding motion for post-conviction relief must be filed within three years after entry of the judgment of conviction. Miss. Code Ann. § 99-39-5(2) (Rev. 2015). Moore's motion is time-barred, as he pled guilty in 2011 and filed his PCR motion in 2016, well after the three-year statute of limitations. Nevertheless, we will address the merits of Moore's appeal to determine whether he meets any exceptions to the procedural bar. *See* § 99-39-5(2)(a)-(b) (statutory exceptions to the time-bar); *Rowland v. State*, 42 So. 3d 503, 507 (¶12) (Miss. 2010) ("[E]rrors affecting fundamental constitutional rights are excepted from the procedural bars of the [Uniform Postconviction Collateral Relief Act (UPCCRA)].").

**DISCUSSION**

I.     **Jurisdiction to Accept Moore's Guilty Plea**

¶6.     Moore argues that the factual allegations of the crime of statutory rape occurred in Biloxi and were only cognizable in the Second District of Harrison County. In support, Moore offers an unsworn statement of the victim, "E.N.," who purports the two had

consensual sex in Biloxi, and not in Gulfport.

¶7. Because Moore did not present E.N.'s unsworn statement to the trial court, it is not part of the record. Further, E.N.'s statement is insufficient evidence to support Moore's allegation: E.N. did not confirm her declaration by oath or affirmation before a person with authority to administer such oath or affirmation. *See* Miss. Code Ann. § 11-1-1 (Rev. 2014).

¶8. After a review of the record and the prior proceedings, we find Moore is not entitled to relief. In his plea petition, Moore gave sworn testimony that:

> Between December 2, 2009, and December 24, 2009, [he] unlawfully had sexual intercourse with E.N., a child at least 14 but under 16 years of age. [He] was 48 years old at the time. She was not [his] wife when [they] had intercourse. This happened in Gulfport, Harrison County, Mississippi.

Moore testified during his plea hearing that he had read his petition or someone had read it to him, and everything in his petition was true and correct. Moore further testified he understood what his petition contained; he had discussed the petition with his attorney; and his attorney had answered his questions about the petition.

¶9. The trial court was entitled to rely on Moore's sworn admissions that the statutory rape occurred in Gulfport, within the First Judicial District of Harrison County, Mississippi, where Moore was charged and pled guilty. *See Richardson v. State*, 769 So. 2d 230, 235 (Miss. Ct. App. 2000) ("If the defendant's claims are totally contradicted by the record, the trial judge may rely heavily on previous statements made under oath."). Mississippi Code Annotated section 99-39-9(1) (Rev. 2015) requires that Moore furnish affidavits to support his claims or show cause why he could not furnish them. He has failed to do either. We therefore find that Moore's claim is unsupported and without merit.

## II. Ineffective Assistance of Counsel

¶10. During his plea hearing, Moore swore under oath that he was satisfied with his attorney's representation. On appeal, however, Moore argues his attorney provided ineffective assistance of counsel. Specifically, Moore asserts his counsel promised that the trial court would impose a lenient sentence of five years if he pled guilty, and that he would not have accepted the plea offer had he known he would be sentenced to thirty years. Moore also argues that his counsel should have moved to dismiss the indictment due to its "jurisdictional defect."

¶11. "It is true that 'errors affecting fundamental constitutional rights are excepted from the procedural bars of the UPCCRA.'" *Sanders v. State*, 179 So. 3d 1190, 1192 (¶9) (Miss. Ct. App. 2015) (citing *Rowland*, 42 So. 3d at 506 (¶¶9, 12)). "However, the supreme court has not held that ineffective-assistance-of-counsel claims in noncapital cases invoke a fundamental right that eludes the UPCCRA's procedural bars." *Id.* Notwithstanding, we will review Moore's claim on the merits.

¶12. An ineffective assistance of counsel claim requires a showing that (1) counsel's performance was deficient, and (2) the deficient performance resulted in prejudice to the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Additionally, "a defendant must plead claims of ineffective assistance of counsel with specificity, and the claim must be supported by affidavits other than his own." *McBride v. State*, 108 So. 3d 977, 980 (¶11) (Miss. Ct. App. 2012) (citing *Robertson v. State*, 669 So. 2d 11, 13 (Miss. 1996)). When a movant fails to attach any supporting affidavits and relies solely on his own sworn motion,

5

his ineffective assistance claim must fail. *Id.* Failure to attach affidavits of other persons may be excused upon a showing of good cause, specifically detailed in the motion, why they cannot be obtained. Miss. Code Ann. § 99-39-9(1)(e) (Rev. 2015).

¶13. Here, Moore did not support his PCR motion with affidavits other than his own, and he offers no good cause why he could not obtain additional affidavits. As discussed above, there is nothing in the record to indicate that Moore's indictment contained a jurisdictional defect, and therefore, there is nothing to support Moore's assertion that his attorney was deficient in not recognizing this "error." Further, there is no indication in the record that Moore's attorney promised any leniency to obtain his guilty plea.

¶14. At the plea hearing, the circuit judge thoroughly covered what rights Moore was giving up by entering his guilty plea, and inquired if Moore understood that the court was not bound by the prosecutor's sentencing recommendation. Moore acknowledged that he understood he was charged with statutory rape, and that the judge "could sentence [him] to the maximum of 30 years in prison and impose the maximum fine of $10,000." The court also asked:

> THE COURT: . . . [A]re you satisfied with the services of your attorney?
>
> [MOORE]: Yes, sir.
>
> THE COURT: Are you satisfied that your attorney familiarized himself with the facts of your particular case?
>
> [MOORE]: Yes, sir.
>
> . . . .
>
> THE COURT: Are you under any undue influence or has anyone

6

guaranteed you any specific sentence[,] or promised you anything of value to make you plead guilty today?

[MOORE]: No, sir.

The judge asked Moore several times if it was still his intention to plead guilty. Each time, Moore replied, "Yes, sir." In addition, Moore's signed plea petition states:

> I believe that my lawyer has done all that anyone could do to counsel and assist me. I AM SATISFIED WITH THE ADVICE AND HELP HE/SHE HAS GIVEN ME; I recognize that if I have been told by my lawyer that I might receive probation or a light sentence, this is merely his prediction and is not binding on the Court.

¶15. Beside his own affidavit, Moore has failed to show that but for trial counsel's advice, he would not have entered his guilty plea. *Lackaye v. State*, 166 So. 3d 560, 564 (¶12) (Miss. Ct. App. 2015) ("When the only support the movant offers is his own affidavit, and it is contradicted by unimpeachable documents in the record, an evidentiary hearing is not required."). Accordingly, this issue is without merit.

### III.    Mental Competency

¶16. In his reply brief, Moore claims that his guilty plea was not made knowingly, intelligently, and voluntarily. We note that claims regarding mental competency are not subject to procedural bars. *Jones v. State*, 174 So. 3d 902, 907 (¶13) (Miss. Ct. App. 2015) (citing *Smith v. State*, 149 So. 3d 1027, 1031 (¶8) (Miss. 2014) (overruled on other grounds by *Pitchford v. State*, 240 So. 3d 1061 (Miss. 2014)). However, Moore did not raise any claim regarding mental competency in his PCR motion, nor did he raise it in his initial brief. Because "[w]e will not consider issues raised for the first time in an appellant's reply brief," we decline to review this issue. *Ogunbor v. May*, 204 So. 3d 840, 848 (¶33) (Miss. Ct. App.

7

2016) (quoting *Shelton v. State*, 172 So. 3d 216, 220 (¶20) (Miss. Ct. App. 2014)).

### IV.    Evidentiary Hearing

¶17.    Moore argues that the circuit court erred in dismissing his PCR motion without first conducting an evidentiary hearing. Based on the foregoing reasons, we find the circuit court's dismissal of Moore's PCR motion is consistent with the evidence and testimony presented in the record. Mississippi Code Annotated section 99-39-11(2) provides that a circuit court may summarily dismiss a PCR motion "[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief[.]" It follows that we find that this issue is without merit.

### CONCLUSION

¶18.    For these reasons, we affirm the circuit court's dismissal of Moore's PCR motion.

¶19.    **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, FAIR, WILSON, WESTBROOKS AND TINDELL, JJ., CONCUR.**