# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-CP-00985-COA

**RENO FENELLI SIGGERS A/K/A RENO F. SIGGERS A/K/A RENO SIGGERS**                                      **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                      **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 07/28/2021 |
| TRIAL JUDGE: | HON. ALBERT B. SMITH III |
| COURT FROM WHICH APPEALED: | TUNICA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | RENO FENELLI SIGGERS (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ASHLEY LAUREN SULSER |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 06/28/2022 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE WILSON, P.J., McCARTY AND SMITH, JJ.**

**SMITH, J., FOR THE COURT:**

¶1.     Reno Siggers filed a motion for post-conviction collateral relief (PCR) challenging the 2018 revocation of his parole.  The Tunica County Circuit Court dismissed Siggers's PCR motion as a successive writ.  Upon review, we find that Siggers's current PCR motion fails to constitute a barred successive motion.  We further find, however, that Siggers's arguments lack merit, and we therefore affirm the circuit court's dismissal of Siggers's PCR motion on that ground.  *See Clark v. Middlebrooks*, 328 So. 3d 1272, 1274 (¶7) (Miss. Ct. App. 2021) ("An appellate court may affirm a trial court if the correct result is reached, even if the trial court reached the result for a different reason." (quoting *Davis v. City of Jackson*,

240 So. 3d 381, 384 (¶13) (Miss. 2018))).

## FACTS

¶2.     In April 1995, the circuit court sentenced Siggers to life imprisonment in the custody of the Mississippi Department of Corrections (MDOC) for the crime of murder. In October 2011, the Mississippi Parole Board (Parole Board) granted Siggers conditional parole.

¶3.     On May 18, 2018, Siggers was involved in a domestic-disturbance incident that resulted in a charge being brought against Siggers for simple domestic violence. On June 14, 2018, the Tunica County Justice Court issued an arrest warrant for Siggers on the simple-domestic-violence charge. The following day, on June 15, 2018, Siggers was involved in a second domestic-disturbance incident. The June 15, 2018 incident report noted that although Siggers left the scene before police officers arrived, the officers pursued and apprehended Siggers. In his PCR motion, Siggers stated that after being detained by the Tunica County Sheriff's Department, he was allowed to post a bond and was given a court date for July 19, 2018.

¶4.     On June 27, 2018, the justice court issued a second warrant for Siggers's arrest for the June 15, 2018 domestic-disturbance incident. Siggers stated in his PCR motion that while he was detained in the Tunica County Detention Center, he signed "papers" on July 6, 2018, for a preliminary-revocation hearing that occurred on July 17, 2018. According to Siggers's PCR motion, he attended the preliminary hearing on July 17, 2018. As the record reflects, also on July 17, 2018, the Parole Board issued a revocation warrant based on reasonable

2

cause that Siggers had violated the terms of his parole. The following day, on July 18, 2018, the Parole Board held a final parole-revocation hearing. After finding that Siggers had "more likely than not" violated the conditions of his parole, the Parole Board revoked his parole for 120 days. After serving 120 days in a technical violation center, Siggers was once again released on parole in November 2018.

¶5. On February 13, 2019, the justice court held a trial on Siggers's simple-domestic-violence charge stemming from the May 18, 2018 incident. After considering the testimony and evidence, the judge found Siggers guilty of the offense and sentenced Siggers to thirty days in jail, with fifteen days suspended and fifteen days to serve.

¶6. In August 2019, the Parole Board again revoked Siggers's parole for the June 15, 2018 incident that resulted in an aggravated-domestic-violence charge. Siggers filed an unsuccessful PCR motion in December 2019 that challenged the August 2019 parole revocation. After the Parole Board once more granted Siggers parole in March 2020, it then revoked his parole in March 2021 due to new charges of aggravated domestic violence and simple domestic violence. Siggers filed another unsuccessful PCR motion, this time pertaining to his March 2021 parole revocation. Siggers's appeal from the dismissal of that PCR motion is currently pending before this Court.

¶7. Relevant to the instant matter, Siggers filed a June 2021 PCR motion challenging the Parole Board's July 18, 2018 revocation of his parole and the justice-court trial on the charge of simple domestic violence. Aggrieved by the circuit court's dismissal of his current PCR

motion, Siggers timely appeals.

## STANDARD OF REVIEW

¶8. We review a trial court's "dismissal or denial of a PCR motion for abuse of discretion" and "will only reverse if the trial court's decision is clearly erroneous." *Hunt v. State*, 312 So. 3d 1233, 1234 (¶6) (Miss. Ct. App. 2021) (quoting *Carr v. State*, 291 So. 3d 1132, 1137 (¶16) (Miss. Ct. App. 2020)). We review questions of law de novo. *Id.*

## DISCUSSION

¶9. On appeal, Siggers raises numerous claims. For clarity, we group Siggers's allegations into three categories related to the following: (1) his 2018 parole revocation; (2) his 2019 trial for simple domestic violence; and (3) the legal representation provided by his trial attorney.

### I. The 2018 Parole Revocation

¶10. Siggers argues that in revoking his parole on July 18, 2018, the Parole Board failed to comply with the procedures established in Mississippi Code Annotated section 47-7-27 (Supp. 2018). Specifically, Siggers asserts that he did not receive a preliminary hearing within seventy-two hours of his June 27, 2018 arrest for simple domestic violence and that due to the Parole Board's noncompliance with section 47-7-27, he should have been released from detainment after twenty-one days.

¶11. In relevant part, section 47-7-27(4) provides that "[w]henever an offender is arrested on a warrant for an alleged violation of parole . . . , the [Parole B]oard shall hold an informal

4

preliminary hearing within seventy-two (72) hours to determine whether there is reasonable cause to believe the person has violated a condition of parole." *Id.* § 47-7-27(4). The statute further provides that a revocation hearing shall be held within twenty-one days of an arrest if the offender remains "detained as a result of [the] warrant or a violation report . . . ." *Id.* § 47-7-27(6)(a). When "the [Parole B]oard does not hold a hearing or . . . take action on the violation within the twenty-one-day time frame . . . , the parolee shall be released from detention and shall return to parole status." *Id.* § 47-7-27(6)(b).

¶12. Here, Siggers was arrested for simple domestic violence on June 27, 2018. In his PCR motion, Siggers vaguely references, without providing further detail, "papers" that he signed related to a preliminary hearing scheduled for July 17, 2018. Also in his PCR motion, Siggers claims that he subsequently attended the July 17, 2018 preliminary hearing. On the same date that Siggers alleges he attended his preliminary hearing, the Parole Board issued a revocation warrant after finding there was reasonable cause to believe that Siggers had violated the terms of his parole. The following day, which marked exactly twenty-one days after Siggers's arrest, the Parole Board held its July 18, 2018 revocation hearing and found Siggers had "more likely than not" violated the conditions of his parole.

¶13. As section 47-7-27(6)(a) directs, the Parole Board held Siggers's revocation hearing within the provided twenty-one-day time frame. We therefore find no merit to Siggers's claim that he should have been released from detainment after twenty-one days. We also acknowledge Siggers's claim that he did not receive a preliminary hearing within seventy-

5

two hours as set forth in section 47-7-27(4). Even if Siggers's assertion is true, our caselaw holds that the failure to provide a preliminary hearing within seventy-two hours, or to conduct any preliminary hearing at all, "does not necessarily nullify a later-held final revocation hearing, much less automatically entitle a movant to post-conviction relief." *Robertson v. State*, 169 So. 3d 910, 912 (¶8) (Miss. Ct. App. 2014).[1] Despite being entitled to a preliminary hearing, a movant must still show that even in the complete absence of a such a hearing prejudice resulted. *Jamison v. State*, 332 So. 3d 892, 899 (¶18) (Miss. Ct. App. 2022). "If no prejudice is found, and a formal revocation hearing was held that met the minimum due-process requirements,[2] then [even the complete] failure to hold a preliminary hearing is harmless error." *Id.* (footnote in original).

---

[1] Although *Robertson* analyzed whether a circuit court followed the proper procedures in revoking a movant's post-release supervision (PRS), we recognize that the relevant procedural safeguards set forth in Mississippi Code Annotated section 47-7-37 (Supp. 2018) for the revocation of probation and PRS are substantially the same as those established in section 47-7-27 for the revocation of parole.

[2] The minimum due-process requirements for a final revocation hearing are:

(a) written notice of the claimed violations of probation or parole; (b) disclosure to the probationer or parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a neutral and detached hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking probation or parole.

*Riely* [*v. State*], 562 So. 2d [1206,] 1210 [(Miss. 1990)].

6

¶14. Upon review, we conclude Siggers has failed to identify any prejudice that arose from a delay in his preliminary hearing. Moreover, even if a delay occurred, Siggers acknowledges that he received and attended his preliminary hearing, and nothing in the record indicates that either the preliminary hearing or the final revocation hearing failed to afford Siggers with all the due process safeguards required before the Parole Board determined whether to revoke his parole. Thus, upon the facts presented, and in the absence of any showing of actual prejudice to Siggers, we conclude that any delay in the preliminary hearing was at most harmless error that does not entitle Siggers to post-conviction relief. Accordingly, we find this issue lacks merit.

## II.     The 2019 Trial

¶15. Siggers alleges that the February 2019 trial held in justice court violated his due process rights in numerous ways and that the trial judge, MDOC officials, Parole Board members, and various law-enforcement officers conspired to violate his constitutional rights. As the State notes in its appellate brief, however, Siggers's arguments that "the trial judge was not impartial; the judge colluded with [MDOC] officials to keep him in prison; and the evidence used to convict him was fabricated" are all vague and unsupported.

¶16. Other than his bare assertions, Siggers provides no supporting evidence, meaningful argument, or citation to relevant authorities to substantiate his claims, and we find nothing upon our own review of the record to support his alleged errors. *See* M.R.A.P. 28(a)(7) (discussing the appellant's duty to provide "the reasons for [his] contentions, with citations

7

to the authorities, statutes, and parts of the record relied on"). The Mississippi Supreme Court has explained that "[i]n the absence of meaningful argument and citation of authority, [the appellate courts] generally will not consider the assignment of error." *Stewart v. State*, 291 So. 3d 738, 748 (¶39) (Miss. 2020) (quoting *Patton v. State*, 109 So. 3d 66, 75 (¶22) (Miss. 2012)). As the PCR movant, Siggers "bears the burden of showing he is entitled to relief by a preponderance of the evidence." *Fluker v. State*, 210 So. 3d 1062, 1064 (¶2) (Miss. Ct. App. 2015). Because Siggers has failed to meet his evidentiary burden and provide any meaningful argument to support his claims, we find he has waived his assignments of error regarding his 2019 trial. *See Morris v. State*, 303 So. 3d 9, 22 (¶46) (Miss. Ct. App. 2020); M.R.A.P. 28(a)(7). We therefore conclude that this issue lacks merit.

### III. The Ineffective-Assistance-of-Counsel Claim

¶17. Siggers also contends that his trial attorney provided ineffective assistance by (1) failing to adequately investigate every plausible defense; (2) misinforming him about his right to appeal the Parole Board's decision and the trial conviction; (3) failing to seek a trial continuance; (4) failing to make certain trial objections; and (5) failing to advise him on his right to a speedy trial or to raise an objection based on a speedy-trial violation.

¶18. To prevail on his ineffective-assistance claim, Siggers must demonstrate that (1) his "counsel's performance was deficient[,]" and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Lovett v. State*, 270 So. 3d 133, 135 (¶5) (Miss. Ct. App. 2018) (quoting *Strickland v.*

8

*Washington*, 466 U.S. 668, 687 (1984)). In addition, "[a] defendant must plead claims of ineffective assistance of counsel with specificity, and the claim must be supported by affidavits other than his own." *Parks v. State*, 326 So. 3d 505, 509 (¶11) (Miss. Ct. App. 2021) (quoting *Moore v. State*, 250 So. 3d 521, 525 (¶12) (Miss. Ct. App. 2018)). If "the defendant fails to attach any supporting affidavits and relies solely on his own sworn motion, his ineffective-assistance claim must fail." *Id.* (quoting *Evans v. State*, 237 So. 3d 1271, 1275 (¶18) (Miss. Ct. App. 2018)).

¶19. As with the previous assignment of error, other than his own mere assertions, Siggers fails to substantiate his claims of ineffective assistance with any supporting evidence or affidavits. Moreover, Siggers's bare assertions fail to establish with any specificity that his trial attorney acted in a deficient manner or that any alleged deficiency prejudiced his defense. We therefore conclude that this issue also lacks merit.

## CONCLUSION

¶20. Because we find no reversible error, we affirm the circuit court's dismissal of Siggers's PCR motion.

¶21. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY AND EMFINGER, JJ., CONCUR.**

9