# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-CP-00701-COA

**TRALYSSA HAMER A/K/A TRALISSA HAMER**             **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**             **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 06/05/2023 |
| TRIAL JUDGE: | HON. KELLY LEE MIMS |
| COURT FROM WHICH APPEALED: | ALCORN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | TRALYSSA HAMER (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: CASEY BONNER FARMER |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 05/21/2024 |
| MOTION FOR REHEARING FILED: | |

**BEFORE CARLTON, P.J., LAWRENCE AND SMITH, JJ.**

**SMITH, J., FOR THE COURT:**

¶1.     Tralyssa Hamer pled guilty to two counts of child abuse in the Alcorn County Circuit Court. For Count One, the circuit court sentenced her to a term of twenty years in the custody of the Mississippi Department of Corrections (MDOC), with eight years suspended and twelve years to serve, followed by five years of post-release supervision. For Count Two, the court sentenced her to a term of twenty years suspended and ordered the two sentences to run consecutively. She filed a motion for post-conviction collateral relief (PCR) to vacate her convictions and sentences, arguing three grounds: her guilty plea was not voluntarily made, she was denied effective assistance of counsel, and she was a victim of entrapment. The circuit court denied relief and dismissed Hamer's PCR motion without an evidentiary

hearing. Aggrieved, she appeals claiming she was entitled to an evidentiary hearing on her PCR motion. Finding no error, we affirm the circuit court's order denying relief and dismissing Hamer's PCR motion.

## FACTS AND PROCEDURAL HISTORY

¶2.     In October 2019, the Mississippi Department of Child Protective Services (MDCPS) placed two children in Hamer's foster home. Subsequently, an Alcorn County grand jury indicted Hamer on two counts of felonious child abuse in December 2020. The indictment alleged that on or about May 11, 2020, Hamer "did intentionally, knowingly or recklessly, unlawfully, and feloniously whip, strike, or otherwise abuse" each child, resulting in serious bodily harm in violation of Mississippi Code Annotated section 97-5-39. She pled guilty to both counts in March 2023, and on April 11, 2023, the circuit court entered orders accepting her guilty pleas and imposing her sentences as described above.

¶3.     In May 2023, Hamer filed her initial PCR motion, which was quickly followed by an amended PCR motion. Her amended PCR motion alleged that she received ineffective assistance of counsel based on a failure to litigate an alleged speedy-trial violation, that her guilty plea was rendered involuntary by counsel's ineffective assistance, and that she had a valid entrapment defense. The circuit court entered an order on her PCR motion in June 2023, concluding that all of Hamer's asserted grounds for relief were without merit and dismissing her PCR motion without an evidentiary hearing. In reviewing Hamer's PCR motion, the circuit court determined that she

> assert[ed] that her guilty plea was involuntary as a ground for relief, [but] the present [m]otion is devoid of such argumentation or evidence. Instead, the only

2

things marginally argued by [Hamer] for the relief sought is that her counsel was deficient because he did not fully litigate the dismissal of her underlying charges for lack of speedy trial, and she was entrapped.

The court noted that she did not present any affidavits or other evidence to support that her ineffective-assistance-of-counsel claim or that the allegedly deficient assistance prejudiced her when she pled guilty. Rather, the court's order pointed out that Hamer actually stated the exact opposite while under oath in the course of her plea colloquy, "affirming that she was 'satisfied with the legal services and the advice of her attorney.'" Additionally, the court determined that Hamer's plea colloquy included a waiver of her right to raise the issues of counsel's failure to litigate a lack of speedy trial for the dismissal of her underlying charges and counsel's failure to assert an entrapment defense. Because Hamer relied solely on bare assertions in her brief, and because her statements under oath contradicted those assertions, the court held that there was no merit to her PCR claims warranting relief and summarily dismissed her motion.

## STANDARD OF REVIEW

¶4.     On review, the "circuit court's dismissal or denial of a PCR motion" will be reversed "if the decision is clearly erroneous." *Wilkerson v. State*, 307 So. 3d 1231, 1238 (¶14) (Miss. Ct. App. 2020) (internal quotation marks omitted). "When questions of law are raised, they are reviewed under the de novo standard of review." *Smith v. State*, 354 So. 3d 396, 402 (¶21) (Miss. Ct. App. 2023).

## DISCUSSION

### I.     Procedurally Barred Issues

¶5.     Hamer raises several issues in her pro se appellate brief. Although she reasserts her PCR claims that her defense counsel was ineffective for failing to litigate a speedy trial violation and that defense counsel's defective assistance rendered her guilty plea involuntary, she also asserts additional issues. Hamer's appellate brief raises new claims related to an insufficient factual basis for her guilty plea, and defense counsel's defective assistance for not interviewing witnesses, failing to disclose a lack of evidence against her, and perpetuating a conflict of interest. Hamer asserts these additional errors for the first time on appeal. "It is well settled that 'an issue is procedurally barred if not first raised in a PCR motion before a circuit court.'" *Jarvis v. State*, 360 So. 3d 275, 279 (¶9) (Miss. Ct. App. 2022) (quoting *Camphor v. State*, 339 So. 3d 205, 207 (¶6) (Miss. Ct. App. 2022)). Because these issues were not raised before the circuit court, they are procedurally barred, and we decline to address them on appeal.

## II.     Evidentiary Hearing

¶6.     The crux of Hamer's appeal is that the circuit court erred by failing to grant an evidentiary hearing on her PCR motion. She contends that she made the necessary showing of ineffective assistance of counsel and a guilty plea made involuntarily such that she was entitled to an evidentiary hearing. According to Hamer, she desired to present the court with evidence of the circumstances surrounding her guilty plea, specifically that "her plea was involuntary, that counsel was [i]neffective[,] and that her speedy trial rights [were] violated."

¶7.     "The right to an evidentiary hearing is not guaranteed." *Parks v. State*, 326 So. 3d 505, 507 (¶5) (Miss. Ct. App. 2021) (quoting *Pinkney v. State*, 192 So. 3d 337, 341 (¶12) (Miss.

4

Ct. App. 2015)). "A post-conviction claim for relief is properly dismissed without the benefit of an evidentiary hearing where it is manifestly without merit." *Smith*, 354 So. 3d at 404-05 (¶30) (quoting *Crockett v. State*, 334 So. 3d 1232, 1240 (¶26) (Miss. Ct. App. 2022)).[1] The "trial court enjoys wide discretion in determining whether to grant an evidentiary hearing." *Id*. "[T]o be entitled to an evidentiary hearing, [the movant] must demonstrate, by affidavit or otherwise, that there are unresolved issues of fact that, if concluded favorably to the movant, would warrant relief." *Wilkerson*, 307 So. 3d at 1238 (¶15) (quoting *Huggins v. State*, 291 So. 3d 401, 405 (¶12) (Miss. Ct. App. 2020)). But this Court has explicitly stated that "[t]his *may not* be accomplished through the *defendant's own unsupported allegations*." *Smith*, 354 So. 3d at 405 (¶31) (emphasis added) (quoting *Huggins*, 291 So. 3d at 405 (¶12)).

¶8.     In the context of Hamer's particular claims, "'[a] defendant must plead claims of ineffective assistance of counsel with specificity, and the claim *must be supported by affidavits* other than his own.'" *Parks*, 326 So. 3d at 509 (¶11) (emphasis added) (quoting *Moore v. State*, 250 So. 3d 521, 525 (¶12) (Miss. Ct. App. 2018)). Where "the defendant fails to attach any supporting affidavits and relies solely on his own sworn motion, his ineffective-assistance claim must fail." *Jarvis*, 360 So. 3d at 283 (¶25) (quoting *Parks*, 326 So. 3d at 509 (¶11)). Additionally, a defendant's "attack on a facially correct plea *must include* supporting affidavits of other persons." *Moore v. State*, 248 So. 3d 845, 851 (¶15)

---

[1] *See also Huggins*, 291 So. 3d at 405 (¶12) (The "circuit court possesses the authority to summarily dismiss a PCR motion without an evidentiary hearing 'if it plainly appears from the face of the motion, any annexed exhibits, and the prior proceedings in the case, that the movant is not entitled to relief.'" (citing Miss. Code Ann. § 99-39-11(2) (Rev. 2015))).

(Miss. Ct. App. 2017) (emphasis added) (quoting *Readus v. State*, 837 So. 2d 209, 213 (¶11) (Miss. Ct. App. 2003)).

¶9.     The question then is whether Hamer demonstrated that there are unresolved issues of fact in her case that could warrant relief by sufficient means (i.e., the requisite supporting affidavits). The record shows that when Hamer filed her initial PCR motion with the circuit court, she attached copies of the following documents: a death certificate for a person named Milicent Butler, her indictment, the court's order accepting her guilty plea, the court's sentencing orders for both counts, and her guilty plea information sheet. With her amended PCR motion, Hamer presented the circuit court with the following exhibits: a typed document allegedly containing text messages exchanged between Hamer and a Mississippi Department of Child Protective Services (MDCPS) case worker, a printed screenshot from a webpage showing an electronic MDCPS certificate, a letter from an MDCPS representative, multiple court documents related to the care and custody of the two children, and an illegible death certificate from the State of Mississippi. On appeal, Hamer attached to her pro se appellate brief the printed screenshot from a webpage showing an electronic MDCPS certificate, the death certificate for Milicent Butler, and an affidavit from someone named Sarah Hamer (Sarah).

¶10.    Importantly, "[t]his Court is limited to the *trial court record* in our review of the claim." *McCullough v. State*, 47 So. 3d 1206, 1211 (¶18) (Miss. Ct. App. 2010) (emphasis added). "The affidavits [that] are not in the record . . . cannot be considered on appeal." *Ivy v. State*, 103 So. 3d 766, 769-70 (¶13) (Miss. Ct. App. 2012). We "will not consider matters

6

which are outside the record and must confine ourselves to what actually does appear in the record." *Id*. (quoting *Jones v. State*, 776 So. 2d 643, 649 (¶17) (Miss. 2000)). "A party cannot make something part of the record by simply attaching it to his brief." *Id*. (quoting *McCullough*, 47 So. 3d at 1211 (¶18)).

¶11.    The record shows that Hamer did not present the trial court with a sworn affidavit from herself or from any other person.  The one and only affidavit Hamer offered in support of her PCR claims was Sarah's affidavit that was presented for the first time on appeal. Accordingly, "[w]e cannot entertain [Sarah's] affidavit as it clearly was not presented to the lower court as evidence." *Boyd v. State*, 797 So. 2d 356, 364 (¶20) (Miss. Ct. App. 2001).

¶12.    After a thorough review, we find the record reflects that Hamer provided the circuit court with no affidavits or good cause to demonstrate entitlement to an evidentiary hearing or to substantiate her claims. *See Wilkerson*, 307 So. 3d at 1238 (¶15). Therefore, Hamer's PCR claims regarding the ineffectiveness of counsel and involuntariness of her plea must fail. *See Jarvis*, 360 So. 3d at 283 (¶25); *Moore*, 248 So. 3d at 851 (¶15).

### CONCLUSION

¶13.    Hamer's PCR motion requesting relief on the grounds that she received ineffective assistance of counsel and that her counsel's ineffective assistance rendered her plea involuntary was not corroborated by any affidavits submitted to the circuit court. Without sufficient support, she was not able to show that her claims have merit or that an evidentiary hearing was warranted. Therefore, we find that it was not error for the circuit court to deny relief and dismiss Hamer's PCR motion without an evidentiary hearing.

7

¶14.    **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, LAWRENCE, McCARTY AND EMFINGER, JJ., CONCUR. WESTBROOKS AND McDONALD, JJ., CONCUR IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**